Filed 6/28/24  P. v. Mote CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C098971 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 23CR000586, 23CR000815) |
| v. | |
| DANIEL DEAN MOTE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Daniel Dean Mote has asked this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Finding no arguable error that would result in a disposition more favorable to Mote, we affirm the judgment.

BACKGROUND

In case No. 23CR000586, the prosecution charged Mote with one count of stalking.  (Pen. Code, § 646.9, subd. (a).)[1]  In case No. 23CR000815, the prosecution charged him with two counts of battery with serious bodily injury (§ 243, subd. (d)), one

_____

[1] Undesignated statutory references are to the Penal Code.

1

count of resisting a peace officer (§ 69), and one count of resisting a peace officer resulting in serious bodily injury (§ 148.10, subd. (a)).

In May 2023, Mote pleaded guilty to three charges. In case No. 23CR000815, he pleaded to one count of resisting a peace officer and one count of resisting a peace officer resulting in serious bodily injury. In case No. 23CR000586, he pleaded to one added count of making a criminal threat (§ 422, subd. (a)). The agreement provided for a two-year stipulated sentence and dismissal of the remaining counts. The parties stipulated to a factual basis for each case as drawn from the respective law enforcement reports. In case No. 23CR000586, the police report stated that Mote had been harassing his ex-wife by, among other things, following her around town, coming to her workplace, sending harassing text messages, and threatening to murder her and "slit her throat." In case No. 23CR000815, law enforcement responded to a call reporting a fight between Mote and his mother. Mote refused to speak to the responding officer, and the officer attempted to detain him. Mote violently pulled away, and the two ended up on the ground. The officer sustained injuries to his right thumb.

The following month, Mote requested new counsel. The trial court held a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 and denied the request.

Mote also filed a motion to withdraw his plea. He asserted that when he entered the plea, he was not aware that he might be placed on parole or postrelease community supervision upon release from prison. He also claimed that when he agreed to plead guilty, he had a broken hand and was in pain, needed new mental health medication, and was experiencing significant stress.

The trial court denied the motion. It noted that Mote had initialed the plea form next to the section indicating that he could be subject to parole or postrelease community supervision after his release from prison. Mote also acknowledged on the plea form that he had received a full opportunity to discuss the deal with his attorney and had no further

questions. At the change-of-plea hearing, he asked a question to clarify the plea, and the trial court answered his question.

The trial court sentenced Mote to the lower term of two years for resisting a peace officer resulting in serious bodily injury as stipulated, plus two years, concurrent, for each of the other two counts. The trial court imposed various fines and fees.

Mote filed a timely notice of appeal and attached a certificate of probable cause.

## DISCUSSION

Mote's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Mote was advised by counsel of his right to file a supplemental brief within 30 days from the filing of the opening brief. We have not received any communication from him.

We have undertaken an examination of the record and conclude that there is no arguable error that would result in a disposition more favorable to Mote.

## DISPOSITION

The judgment is affirmed.

/s/
Feinberg, J.

We concur:

/s/
Earl, P. J.

/s/
Robie, J.

3